IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HURT,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>          Defendants. | No. C -12-01995 EDL<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

Plaintiff Tyrone Hurt filed his complaint and Application to Proceed In Forma Pauperis on April 20, 2012. On May 3, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).[1] For the reasons set forth below, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses Plaintiff's complaint without prejudice.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28

---

[1] To the extent that this order is dispositive, the Court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

U.S.C. § 1915(e)(2); <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989). Under 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). The Supreme Court held in <u>Neitze</u> that a court may dismiss an <u>in forma pauperis</u> complaint <u>sua sponte</u> under 28 U.S.C. § 1915(d) when the claim is "fantastic or delusional. . . ." <u>Neitze</u>, 490 U.S. at 328. Dismissal on these grounds is often made <u>sua sponte</u> prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. <u>Id.</u> at 324.

Plaintiff's Application to Proceed <u>In Forma Pauperis</u> adequately alleges Plaintiff's poverty. Plaintiff states that he is not employed, and that he receives $698.00 per month in federal benefits. He does not have a bank account, own a home, or own a car. Therefore, Plaintiff's Application to Proceed <u>In Forma Pauperis</u> is granted.

However, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that fails to state a claim upon which relief may be granted. The Court is unable to discern any legally cognizable claim in Plaintiff's complaint. Plaintiff seeks an order that the United States is violation of "humanitarian order with this allegedly same-sex marriage," and seeks the "repeal of all attempts to legalize 'same-sex' marriage." Further, Plaintiff offers no allegations suggesting that he has standing to bring this action; nor does he include allegations showing that an action based on the alleged conduct is timely. In sum, Plaintiff's complaint fails to include a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). Therefore, Plaintiff's complaint is dismissed.

Because Plaintiff is proceeding <u>pro se</u>, the Court will give him an opportunity to amend his complaint to comply with the Federal Rules of Civil Procedure. Plaintiff is encouraged to obtain the <u>Handbook for Litigants Without a Lawyer</u>, which is available in the clerk's office at 450 Golden Gate Avenue, San Francisco, California, or on the Court's website (www.cand.uscourts.gov). Any amended complaint shall be filed no later than June 22, 2012. In the amended complaint, Plaintiff shall identify each claim clearly and legibly and state the specific facts supporting his claim. In addition, Plaintiff shall include allegations showing that he has standing to assert his claims and that his claims are timely. Failure to file an amended complaint by June 22, 2012 will result in dismissal

2

of this case with prejudice.

IT IS SO ORDERED.

Dated: May 24, 2012

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge